O

JS-5

# United States District Court
# Central District of California

| | |
|---|---|
| TOM QUACH,<br><br>                Plaintiff,<br><br>    v.<br><br>ACE BENEDICT ARCA LOVALHATI;<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE; and DOES 1–10,<br>inclusive,<br><br>                Defendants. | Case № 2:15-cv-09341-ODW (SS)<br><br>**AMENDED ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

## I. INTRODUCTION

On December 3, 2015, Plaintiff Tom Quach filed this action in federal court based on alleged diversity jurisdiction. (ECF No. 1.) After reviewing Quach's Complaint, it is clear that (1) the suit against the United States Department of Agriculture ("United States") is barred by sovereign immunity, and (2) Defendant Ace Benedict Arca Lovalhati ("Lovalhati") is not diverse from Plaintiff Quach. Thus, the Court lacks subject matter jurisdiction over the case at bar. Consequently, this action is **DISMISSED** without prejudice.[1]

---

[1] After carefully considering Quach's Complaint, the Court deems the matter appropriate for *sua sponte* decision. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).

## II. FACTUAL BACKGROUND

This is a negligence action arising out of a motor vehicle accident. Quach alleges that, on April 2, 2014, Lovalhati, while driving his employer-issued vehicle, failed to stop and collided with Quach's vehicle. (Complaint ["Compl."] ¶¶ 11–17, ECF No. 1.) As a direct and proximate result of the accident, Quach claims he was severely injured and has suffered great pain and suffering. (*Id.* ¶ 19.) In turn, Quach claims that the United States, as Lovalhati's employer, is responsible for Quach's injuries under the respondeat superior doctrine. (*Id.* ¶¶ 20–24.)

Plaintiff is a citizen of California. (*Id.* ¶ 2.) Defendant Lovalhati is likewise a citizen of California. (*Id.*) Quach alleges that Defendant United States Department of Agriculture is a "federal government department" and a "citizen of an unknown state." (*Id.* ¶ 3.) Quach claims that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 ("diversity" jurisdiction) and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). Quach makes no claims for federal question jurisdiction.

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). The court may dismiss the action *sua sponte* where the court lacks subject matter jurisdiction. *Frankin*, 662 F.2d at 1342 (citing *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)). Moreover, where the court lacks subject matter jurisdiction, "it is not required to issue a summons or follow the other procedural requirements." *Loux v. Rhay*, 375 F.2d 55, 58 (9th Cir. 1967).

## IV. DISCUSSION

On December 3, 2015, Plaintiff Quach filed this action alleging claims wholly based in state law and against a defendant with common citizenship. Simply stated, this action cannot be originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal question jurisdiction, and therefore federal jurisdiction is improper. *Frankin*, 662 F.2d at 1342.

While Quach's Complaint does name one potentially diverse defendant,[2] the United States, the well-settled doctrine of sovereign immunity bars suit. The United States cannot be sued without its explicit consent. *United States v. Lee*, 106 U.S. 195, 206 (1940); *see also Lena v. Pena*, 518 U.S. 187, 192 (1996) (Rehabilitation Act lacked "unequivocal expression" of congressional intent required for waiver of sovereign immunity.) With no illusions to any statutes conferring such consent, Quach's suit against the United States is therefore barred.

Leaving only Lovalhati as a Defendant, Quach's suit doubly fails for want of diversity jurisdiction. The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Quach alleges that he is a California citizen, and that Defendant Lovalhati is also a California citizen. (Compl. ¶ 2.) Thus, this destroys complete diversity.

For the reasons discussed above, the Court **DISMISSES** the action for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The action is dismissed without prejudice. *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be ... without prejudice so that

---

[2] Because this action lacks complete diversity and therefore this Court lacks jurisdiction, the Court will not assess whether an allegation that a defendant is a "citizen of another state" will suffice to establish diversity jurisdiction. (Compl. ¶ 3.)

a plaintiff may reassert his claims in a competent court.'" (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988)).

The Clerk is also ordered to **REOPEN** this case and to accept Quach's First Amended Complaint and accompanying documents. (ECF Nos. 10–13.)

**IT IS SO ORDERED.**

December 14, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**